UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-23377-CIV-SEITZ/SIMONTON

COMPREHAB WELLNESS GROUP, INC.,
    Plaintiff,

v.

KATHLEEN SEBELIUS, as Secretary of
the Department of Health and Human
Services,
    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion to Alter or Amend Judgment [DE-32], in which Plaintiff seeks reconsideration of the Court's Order Granting Defendant's Cross-Motion for Summary Judgment [DE-31] on grounds of manifest error of law or fact. The Court previously affirmed the Secretary of the Department of Health and Human Services' ("Secretary") decision to revoke Plaintiff's Medicare Part-B billing privileges. Having carefully considered the motion, Defendant's opposition [DE-33], and the record, the Court will deny the motion.

### I.  BACKGROUND

In its opposition to the Secretary's Motion for Summary Judgment, Plaintiff alleged that the Administrative Law Judge ("ALJ") improperly shifted the burden onto Plaintiff to prove its compliance with certain Medicare regulations regarding Comprehensive Outpatient Rehabilitation Facility operations. [DE-27 at 2]. Specifically, Plaintiff alleged that the ALJ absolved the Defendant's Centers for Medicare and Medicaid Services ("CMS") of its obligation to show prima facie evidence (1) that Ms. Maria Fuentes, Plaintiff's Coordinator of Services, was unqualified and (2) that Dr. Bosch, Plaintiff's Medical Director, did not provide an adequate

1

level of physician services under the regulations. Importantly, Plaintiff raised the burden shifting issue for the first time before this Court and not at the administrative stage.

## II. ANALYSIS

A party may move "to alter or amend a judgment" only on a showing of an error of law or fact. "A Rule 59(e) motion cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Here, the basis of Plaintiff's motion is that the Court committed both legal and factual error by dismissing the burden shifting argument as unexhausted. Plaintiff further contends that the issue has been exhausted and is therefore appropriate for judicial review because the ALJ and CMS both "acknowledged" the issue in the ALJ's decision and in CMS's opposition brief at the Departmental Appeal Board ("DAB") stage.

The argument is not well-taken. Plaintiff was obligated to "specify the issues, the findings of fact or conclusions of law with which the party disagrees, and the basis for contending that the findings and conclusions are incorrect" in its request for DAB review of the ALJ decision. 42 C.F.R. § 498.82(c). To have exhausted the issue, Plaintiff must have raised the burden shifting issue and provided the basis for the disagreement in its brief to the DAB appealing the ALJ's decision. Plaintiff's brief to the DAB did not raise the prima facie burden shifting argument at all. [*See* AR 18-25].[1] Plaintiff's claim here that the ALJ and CMS's mention of the prima facie burden somehow preserved the issue for Plaintiff is disingenuous and does not comport with the purposes of exhaustion set forth in *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000).

---

[1] Citations to the Administrative Record follow the Bates stamped page numbers.

2

The rest of Plaintiff's motion appears to simply reargue its motion for summary judgment. A motion to amend cannot be used to get a second bite of the apple.

Accordingly, it is

ORDERED THAT

Plaintiff's Motion to Alter or Amend Judgment [DE-32] is DENIED.

DONE AND ORDERED in Miami, Florida, this 3rd day of July, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record,
Magistrate Judge Simonton